UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

IN RE:

    MARY V. PAGLIO,

        Debtor.

Case No. 15-40387

Chapter 13

Hon. Melvin S. Hoffman
Judge Presiding

MARY V. PAGLIO,

        Plaintiff,

v.

SETERUS, INC.,

        Defendant.

Adv. Pro. No. 15-04041

## SETERUS'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant, Seterus, Inc. ("Seterus"), by its attorneys, for its Answer and Affirmative Defenses to the Complaint for Relief ("Complaint") filed by Plaintiff Mary V. Paglio ("Plaintiff"), states as follows:

### Answers to Allegations Concerning Parties

1.    Plaintiff is an individual who at all relevant times has resided in Auburn, Worcester County, Massachusetts.

**ANSWER:** Seterus admits only that Plaintiff is a natural person, but otherwise lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in this Paragraph.

2.    Defendant is a business corporation incorporated under the laws of the

State of Delaware which conducts business throughout the Commonwealth of Massachusetts.

**ANSWER:** Seterus is unable to discern what is meant by "conducts business," but attempting to respond, Seterus admits only that it services mortgage loans secured by real estate located in the Commonwealth of Massachusetts, and otherwise denies the allegations contained in this Paragraph.

### Answers to Allegations Concerning Jurisdiction

3.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§157 and 1334. This is a core proceeding.

**ANSWER:** The allegations contained in this Paragraph constitute legal conclusions rather than allegations of fact, and therefore no response is required. Seterus does not contest jurisdiction in this matter.

### Answers to Allegations Contained in
### Plaintiff's Statement of Facts

4.     On March 2, 2015, Plaintiff – represented by undersigned counsel - filed a petition for relief pursuant to Chapter 13 of the United States Bankruptcy Code in the United States Bankruptcy Court, District of Massachusetts.

**ANSWER:** Seterus admits the allegations of this paragraph.

5.     At the time of Plaintiff's bankruptcy filing, Defendant was servicing a mortgage loan which Plaintiff had obtained on or about April 27, 2004, from Diversified Ventures, Inc. in the principal amount of $180,000. The loan is secured by a first mortgage lien against Plaintiff's principal residence recorded with Worcester Registry of Deeds at Book 33424, Page 248. The Federal National Mortgage Association purports to be the current holder of the mortgage.

**ANSWER:** Seterus admits only that on or about April 27, 2004, Diversified Ventures Inc. d/b/a Forward Financial Company extended to Plaintiff a loan in the original principal amount due of $180,000.00 ("Subject Loan"), which is secured by a mortgage on the real estate commonly known as 9 Laurel Street, Auburn, Massachusetts ("Subject

2

Property"), that Seterus was the servicer of the Subject Loan at the time Plaintiff initiated this bankruptcy proceeding, and that Federal National Mortgage Association was the owner of the Subject Loan at the time Plaintiff initiated this bankruptcy proceeding. Seterus otherwise denies the allegations contained in this Paragraph.

6.  At the time of Plaintiff's bankruptcy filing, Plaintiff was behind on her scheduled mortgage payments. The Chapter 13 Plan which Plaintiff filed with the Court provided for fully curing the mortgage arrearage within the 60-month time period of the Plan.

**ANSWER:** Seterus admits only that Plaintiff was in default of her obligations under the Subject Loan at the time she initiated this bankruptcy proceeding. The remaining allegations of this paragraph constitute legal conclusions rather than allegations of fact, and therefore no response is required. To the extent a response may be required, Seterus denies the remaining allegations contained in this Paragraph.

7.  Defendant was duly listed as a secured creditor in Plaintiff's bankruptcy schedules and in the creditor matrix filed with the Court. The address provided for Defendant was that specified in Defendant's billing statements for mailing bankruptcy notices: P.O. Box 2206, Grand Rapids MI 49501. The bankruptcy which the Court sent to Defendant was not returned to the Court as undeliverable.

**ANSWER:** Seterus admits only that it was listed in Plaintiff's bankruptcy schedules and in the creditor matrix, and that the address provided in its billing statements for mailing bankruptcy notices is: Seterus, Inc., Attn: Bankruptcy Department, PO Box 2206, Grand Rapids, MI 49501-2206, but Seterus otherwise lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in this Paragraph.

8.  Despite the facts that Defendant had actual notice of Plaintiff's bankruptcy filing and the imposition of the automatic stay, that the automatic stay remained in effect, and that Defendant was represented by counsel, Defendant contacted Plaintiff on several occasions to attempt to collect the subject debt and for other purposes. Specifically: (a) Defendant sent Plaintiff a letter dated May 7, 2015, advising her of the option to enter

3

into a trial loan modification, advising her of other options for resolving the mortgage arrearage, and advising her to take "immediate action" to avoid having the loan being "referred to foreclosure." (b) Defendant sent Plaintiff an "account statement" dated May 14, 2015, setting forth amounts due for the current month and for past-due payments, including a "delinquency notice" and "payment coupon;" (c) Defendant sent Plaintiff a letter dated May 15, 2015, providing information relative to the private mortgage insurance in effect on the subject loan; (d) Defendant sent Plaintiff an "account statement" dated May 18, 2015, setting forth amounts due for the current month and for past-due payments, including a "delinquency notice" and "payment coupon;" (e) Defendant sent Plaintiff a letter dated May 20, 2015, stating that prior billing statements had contained incorrect escrow information.

**ANSWER:** The allegations contained in this Paragraph constitute legal conclusions rather than allegations of fact, and therefore no response is required. To the extent a response may be required, Seterus admits only that it sent correspondence to Plaintiff in May 2015, and that the allegations regarding the content of said correspondence to the extent that the allegations are consistent with the text of the correspondence. Seterus otherwise denies the remaining allegations contained in this Paragraph, including the allegations regarding the content of any correspondence to the extent that the allegations are inconsistent with the correspondence.

9. As direct and proximate results of Defendant's conduct as set forth in paragraph 8, above, Plaintiff suffered severe emotional distress and mental anguish, resulting in headaches, loss of sleep, and indigestion.

**ANSWER:** Seterus denies that it engaged in any violation of law or other wrongdoing, denies any and all alleged liability to Plaintiff, and denies that Plaintiff is entitled to any relief. Seterus otherwise lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in this Paragraph.

**Answers to Allegations
Contained in Count I**

10. The allegations of paragraphs 1-9 are incorporated herein as if fully set forth.

4

**ANSWER:** Seterus restates and incorporates by reference its answers and responses to Paragraphs 1-9 as its answer and response to this Paragraph.

11. Prior to May 7, 2015, Defendant had actual notice of Plaintiff's bankruptcy filing yet attempted to directly collect a debt from Plaintiff as described in paragraph 8, above, thus violating 11 U.S.C. §§362(a)(1), (3), and (6).

**ANSWER:** The allegations contained in this Paragraph consist of legal conclusions rather than allegations of fact, and therefore no response is required. To the extent that a response is required, Seterus denies the allegations contained in this Paragraph.

12. Defendant's unlawful conduct was willful in nature.

**ANSWER:** The allegations contained in this Paragraph consist of legal conclusions rather than allegations of fact, and therefore no response is required. To the extent that a response is required, Seterus denies the allegations contained in this Paragraph.

WHEREFORE, Seterus denies any and all alleged liability on its part in this matter, requests that judgment be entered in its favor and against Plaintiff, with costs assessed, and requests that this Court grant such further and additional relief as it deems just and appropriate.

### Answers to Allegations
### Contained in Count II

13. The allegations of paragraphs 1-9 are incorporated herein as if fully set forth.

**ANSWER:** Seterus restates and incorporates by reference its answers and responses to Paragraphs 1-9 as its answer and response to this Paragraph.

14. At all relevant times Defendant was a "debt collector" within the meaning of 15 U.S.C. §1692(a).

**ANSWER:** The allegations contained in this Paragraph consist of legal conclusions rather than allegations of fact, and therefore no response is required. To the extent that a

response is required, Seterus denies the allegations contained in this Paragraph.

15. The subject mortgage loan was obtained primarily for personal, household, or family purposes and was therefore a "consumer debt" within the meaning of 15 U.S.C. §1692(a)(5).

**ANSWER:** The allegations contained in this Paragraph consist of legal conclusions rather than allegations of fact, and therefore no response is required. To the extent that a response is required, Seterus denies the allegations contained in this Paragraph.

16. Defendant violated the FDCPA by: (a) communicating directly with Plaintiff regarding the debt in violation of §1692a(2); (b) making threats to Plaintiff regarding possible future collection and foreclosure actions in violation of §1692e(5); and (c) requesting and/or demanding repayment of the debt while Plaintiff was in bankruptcy with a stay in effect in violation of §§1692e, 1692e(2)(A), 1692e(5), 1692e(10), and 1692f.

**ANSWER:** The allegations contained in this Paragraph consist of legal conclusions rather than allegations of fact, and therefore no response is required. To the extent that a response is required, Seterus denies the allegations contained in this Paragraph. Seterus denies that it engaged in any violation of law or other wrongdoing, denies any and all alleged liability to Plaintiff, and denies that Plaintiff is entitled to any relief.

WHEREFORE, Seterus denies any and all alleged liability on its part in this matter, requests that judgment be entered in its favor and against Plaintiff, with costs assessed, and requests that this Court grant such further and additional relief as it deems just and appropriate.

### Affirmative Defenses

Seterus states the following for its Affirmative Defenses:

1. On April 27, 2004, Diversified Ventures Inc. d/b/a Forward Financial Company extended to Plaintiff a loan in the original principal amount due of $180,000.00 ("Subject Loan"), which is secured by a mortgage on the real estate commonly known as

6

9 Laurel Street, Auburn, Massachusetts ("Subject Property").

2. Subsequently, Diversified Ventures Inc. d/b/a Forward Financial Company sold, assigned, and transferred its interests in the Subject Loan to Federal National Mortgage Association.

3. Servicing of the Subject Loan was transferred to Seterus effective December 1, 2014.

4. Plaintiff filed a voluntary petition for Chapter 13 bankruptcy relief on March 2, 2015 in the United States Bankruptcy Court in the District of Massachusetts, Case No. 15-40387 ("Bankruptcy Proceeding").

5. On March 2, 2015, Plaintiff submitted her Chapter 13 Plan ("Chapter 13 Plan") to the court in the Bankruptcy Proceeding.

6. The Chapter 13 Plan has not been confirmed.

7. Seterus maintains policies and procedures designed to avoid willful violations of the automatic stay of the United States Bankruptcy Code as alleged in Plaintiff's complaint.

8. Seterus maintains policies and procedures designed to avoid violations of the Fair Debt Collection Practices Act as alleged in Plaintiff's complaint.

### First Affirmative Defense

9. Seterus restates and incorporates by reference the facts stated in Paragraphs 1-8 of its Affirmative Defenses above

10. None of the conduct alleged constitutes a willful violation of the automatic stay. Plaintiff fails to state a claim for which the relief requested can be granted, and Seterus reserves and does not waive its arguments relating to the legal sufficiency of

Plaintiff's allegations.

WHEREFORE, Seterus requests that judgment be entered in its favor and against Plaintiff, with costs and attorney's fees assessed, and request that this Court provide such further and additional relief as it deems just and appropriate.

### Second Affirmative Defense

11. Seterus restates and incorporates by reference the facts stated in Paragraphs 1-8 of its Affirmative Defenses above.

12. None of the conduct alleged constitutes a violation of the Fair Debt Collection Practices Act. Plaintiff fails to state a claim for which the relief requested can be granted, and Seterus reserves and does not waive its arguments relating to the legal sufficiency of Plaintiff's allegations.

WHEREFORE, Seterus requests that judgment be entered in its favor and against Plaintiffs, with costs and attorney's fees assessed, and request that this Court provide such further and additional relief as it deems just and appropriate.

### Third Affirmative Defense

13. Seterus restates and incorporates by reference the facts stated in Paragraphs 1-8 of its Affirmative Defenses above.

14. Seterus denies that it willfully violated the automatic stay of the United States Bankruptcy Code or is otherwise liable under the United States Bankruptcy Code.

15. Nevertheless, any alleged violation of the automatic stay by Seterus would have been unintentional, resulting from a bona fide error made in good faith, and occurring despite Seterus's processes and procedures that were reasonably designed and actually implemented to avoid any such alleged error.

16. Seterus's error-avoidance processes and procedures here included without limitation:

    a. Strict prohibitions on harassing or abusing borrowers on mortgage loans serviced by Seterus; and

    b. Strict prohibitions on attempting to in any way mislead or deceive or provide false information to borrowers on mortgage loans serviced by Seterus; and

    c. Strict prohibitions on threatening to take any action that Seterus was not legally authorized to take, and/or that Seterus did not intend to take, against borrowers on mortgage loans serviced by Seterus;

    d. Strict prohibitions on attempting to treat borrowers unfairly; and

    e. Strict compliance with the automatic stay of the United States Bankruptcy Code.

17. Any error in Seterus's assessment of the facts would have been unintentional, resulting from a bona fide error made in good faith, and occurring despite Seterus's thorough investigation and analysis of the underlying documents and other records.

18. Accordingly, even if the automatic stay violation had in fact somehow occurred as alleged, which Seterus denies, Seterus's alleged violation was not willful.

WHEREFORE, Seterus requests that judgment be entered in its favor and against Plaintiffs, with costs and attorney's fees assessed, and request that this Court provide such further and additional relief as it deems just and appropriate.

**Fourth Affirmative Defense**

19. Seterus restates and incorporates by reference the facts stated in

Paragraphs 1-8 of its Affirmative Defenses above.

20. Seterus denies that it violated 15 U.S.C. §§1692e, 1692e (2) (a), 1692(e) (5), 1692e (10), and 1692f, and denies that it violated any other provision of the FDCPA, and denies that it violated or is otherwise liable under the FDCPA.

21. Nevertheless, any alleged violation of the FDCPA by Seterus would have been unintentional, resulting from a bona fide error made in good faith, and occurring despite Seterus's processes and procedures that were reasonably designed and actually implemented to avoid any such alleged error.

22. Seterus's error-avoidance processes and procedures here included without limitation:

    a. Strict prohibitions on harassing or abusing borrowers on mortgage loans serviced by Seterus; and

    b. Strict prohibitions on attempting to in any way mislead or deceive or provide false information to borrowers on mortgage loans serviced by Seterus; and

    c. Strict prohibitions on threatening to take any action that Seterus was not legally authorized to take, and/or that Selene did not intend to take, against borrowers on mortgage loans serviced by Seterus;

    d. Strict prohibitions on attempting to treat borrowers unfairly; and

    e. Strict compliance with the notice and validation of debt requirements under the FDCPA.

    f. Strict prohibitions against using any unfair or unconscionable means borrowers on mortgage loans serviced by Seterus.

23. Any error in Seterus's assessment of the facts would have been

unintentional, resulting from a bona fide error made in good faith, and occurring despite Seterus's thorough investigation and analysis of the underlying documents and other records.

24. Accordingly, even if an FDCPA violation had in fact somehow occurred as alleged, which Seterus denies, Seterus would not be liable under the FDCPA pursuant to 15 U.S.C. § 1692k(c).

WHEREFORE, Seterus requests that judgment be entered in its favor and against Plaintiffs, with costs and attorney's fees assessed, and request that this Court provide such further and additional relief as it deems just and appropriate.

The above Affirmative Defenses are based on the facts currently known to Seterus, and Seterus reserves the right to amend or add affirmative defenses based on facts that may later be discovered, pled, or offered.

WHEREFORE, Seterus seeks judgment be entered in its favor and against Plaintiffs, as well as an award of its attorney's fees and costs and such further relief as this Court deems just and appropriate.

Dated: July 27, 2015                             Respectfully submitted,

**SETERUS, INC.,**

By:    /s/ Michael A. Riordan
       Michael A. Riordan, Esq.
       274 Main Street, Suite 208
       Reading, MA 01867
       (781) 944-1455
       mriordan@riordanlawoffices.com

**Certificate of Service**

  Michael A. Riordan, an attorney, hereby certifies that on **July 27, 2015,** service of a true and correct copy of this document and any referenced exhibits was accomplished pursuant to ECF on all parties who are Filing Users.

                /s/ Michael A. Riordan
                Michael A. Riordan